[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (#117)
The plaintiff Eldora Miller commenced this personal injury action to recover damages from the City of Norwalk (Norwalk) for injuries allegedly caused when she tripped and fell on the curb of a public sidewalk on July 28, 1998. The complaint was served on April 19, 2000. The defendant Norwalk served an apportionment complaint, pursuant to General Statutes § 52-102b on A.J. Rizzo Electrical Contractors, Inc. (Rizzo) which, Norwalk alleged, failed to keep the sidewalk reasonably safe while performing repairs and replacing traffic signals in the area, and it is further alleged, this failure was the cause, or a cause, of the plaintiff's injuries. The apportionment complaint was dated April 25, 2000 [sic], but it is conceded that this date was a typographical error and should have indicated the year 2001. The apportionment defendant Rizzo moved to dismiss the apportionment complaint on the grounds it was not served in a timely fashion under Gen. Stat. § 52-102b. That motion was granted by the court in a memorandum of decision dated September 17, 2001.
On July 10, 2001 the plaintiff Miller moved to amend her initial complaint by adding Rizzo as a defendant and a second count alleging that Rizzo's negligence caused her injuries. No objection to the proposed amendment was filed, and therefore, it was deemed consented to. Practice Book § 10-60(a)(3). Rizzo has moved to dismiss the plaintiff's amended complaint as to it. (117.00.) The motion is denied.
Rizzo contends that the plaintiff may not sue it under the provisions of Conn. Gen. Stat. § 52-102b since the apportionment complaint by Norwalk against Rizzo was untimely. Gen. Stat. § 52-102b (d) allows a plaintiff to assert a claim directly against an apportionment defendant within sixty days of the return date of the apportionment complaint "[n]otwithstanding any applicable statute of limitations or repose". CT Page 15074 Rizzo's contention is correct; since this court has ruled that the Norwalk apportionment complaint against Rizzo was not timely, that apportionment complaint may not be used by the plaintiff as a basis for filing a complaint against Rizzo.
Rizzo further contends that since § 52-102b and its statutory waiver of the statute of limitations is not available to the plaintiff in this case, the normal two year limitations of § 52-584 applies barring the plaintiff's claim. That may very well be so; however, a statute of limitations defense is not a basis for a motion to dismiss, and for that reason, the motion is denied.[1]
ADAMS, J.